UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

ALMASED USA, INC.,

        Plaintiff,

v.

RASHAE TURNER

        Defendant.

_____/

## COMPLAINT

Plaintiff, ALMASED USA, INC., by and through undersigned counsel, hereby sues Defendant, RASHAE TURNER, and alleges as follows:

## INTRODUCTION

1. This is an action arising from Defendant's unauthorized, deceptive, and bad-faith use of Plaintiff's trademark, including Defendant's registration and use of infringing website domains, Defendant's false assertions of intellectual property ownership, and Defendant's submission of a materially false DMCA Counter Notice under penalty of perjury.

2. Defendant is not licensed, authorized, affiliated with, or endorsed by Plaintiff in any manner.

3. Defendant's conduct constitutes cybersquatting, trademark infringement, false designation of origin, unfair competition, and knowing misrepresentation under the Digital Millennium Copyright Act, and has caused and

continues to cause irreparable harm to Plaintiff's goodwill, reputation, and business.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114, 1125, and 17 U.S.C. § 512(f).

5. This Court has supplemental jurisdiction over related claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is a resident of the State of Florida, conducts business from Florida, and purposefully directed infringing conduct toward consumers in Florida and throughout the United States. Defendant also expressly consented to federal jurisdiction in this District.

7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial amount of the actions at issue occurred in this District.

## THE PARTIES

8. Plaintiff is a Florida corporation with its principal place of business in Florida. Plaintiff is the United States subsidiary of Almased Wellness GmbH, a German company that manufactures and markets nutritional products under the ALMASED MARKS (as defined below).

9. Defendant is an individual residing in Jacksonville, Florida, who operates an online commercial websites and related services using the "ALMASED" name without authorization.

## FACTUAL ALLEGATIONS

### A. The ALMASED MARKS and Intellectual Property Rights

10. Almased Wellness GmbH is a German-founded, family-run company that is internationally known for its high-protein meal replacement powder sold under the ALMASED brand.

11. The ALMASED products have been sold since at least 1985, and the ALMASED brand has become well known and distinctive among consumers seeking nutritional and wellness products (collectively with the registrations described below, the "ALMASED MARKS"). The current form of the ALMASED MARKS are as follows:





## THE ALMASED WEIGHT LOSS PHENOMENON

12.     Since 1999, Plaintiff has owned and operated the domain www.almased.com, which it has continuously used to market and sell ALMASED products and promote the ALMASED MARKS in the United States.

13.     The ALMASED MARKS have been duly registered with the United States Patent and Trademark Office, which issued a federal trademark registration for the ALMASED MARKS to Andre Trouille, Plaintiff's director and officer (attached as "Exhibit A" are true copies of the USPTO Registrations for the ALMASED MARKS):

| Marks | Reg. No. | Reg. Date | First Use Date | Goods |
|---|---|---|---|---|
| ALMASED | 2578444 | Jun. 11, 2002 | Aug. 1985 | Dietary protein supplement in powder form |
| ALMASED SOYA +YOGURT +HONEY | 6109980 | Jul. 28, 2020 | | Proteins for use in the manufacture of food products; protein products in raw material form, namely, protein for use in the food industry; protein prepared from soya beans for use in the manufacture of foodstuffs |

| THE ALMASED WEIGHT LOSS PHENOMENON | 5041434 | Sep. 13, 2016 | Apr. 27, 2016 | Preparations for healthcare, namely, natural protein preparations in the form of powder for promoting weight reduction, namely, nutritional wellness; dietary supplements in the nature of weight loss powders |

14. At all relevant times, Andre Trouille granted Plaintiff exclusive licensing rights to all intellectual property associated with the ALMASED MARKS, including trademark rights, goodwill, and related intellectual property rights.

15. As a result, Plaintiff is the lawful and exclusive U.S. licensee and enforcer of the ALMASED MARKS, including rights secured through federal registration and/or long-standing common-law use.

16. The ALMASED MARKS are distinctive and have been used in interstate commerce in connection with nutritional and wellness products.

17. In the U.S., consumers associate the ALMASED MARKS exclusively with Plaintiff and Plaintiff's authorized goods and services.

**B. Defendant's Infringing Use of the ALMASED MARKS**

18. In December 2025, Defendant registered the websites www.almased.website and www.almassedd.com, and used e-commerce platforms such as Shopify to build and manage online stores utilizing the ALMASED MARKS

without authorization and promoting the unauthorized sale of ALMASED products.

19. These websites clearly and unequivocally promoted for sale ALMASED products, and copied and used the ALMASED MARKS, including the name, logo, distinctive colors, and promotional descriptions. Attached a "Exhibit B" are true copies of screenshots from Defendant's infringing websites.

20. Defendant's website falsely presented itself as an official or authorized source of the ALMASED products and the ALMASED MARKS.

21. Defendant has never owned, and cannot provide any proof of ownership of, any intellectual property rights relating to the ALMASED MARKS.

22. Defendant's use of the identical ALMASED MARKS and a confusingly similar domain names was calculated to deceive consumers into believing the website was authorized, sponsored, endorsed, or licensed by Almased.

23. Defendant also created websites on Shopify with domains titled "almasedd" and "almaseds.com", which also utilized the ALMASED MARKS without authorization and similarly promoted the unauthorized sale of ALMASED products. Upon information and belief, these websites are no longer active on the Shopify platform.

24. Furthermore, Defendant created websites on WordPress sites and WooCommerce with domains titled www.almeasd.cfd and www.almeads.lol, which similarly utilized the ALMASED MARKS without authorization and also promoted the unauthorized sale of ALMASED products. After Plaintiff informed these platforms of Defendant's infringement, these websites were removed.

### C. Trademark Enforcement and Defendant's False DMCA Counter Notice

25. On December 23, 2025, after becoming aware of Defendant's infringing website (www.almased.website), Plaintiff promptly submitted a Trademark Infringement Notice to Shopify, identifying Defendant's unauthorized use of the ALMASED mark. Attached as "Exhibit C" is a true copy of the December 23, 2025 Trademark Infringement Notice.

26. On December 31, 2025, Defendant submitted a DMCA Counter Notice to Shopify, swearing under penalty of perjury that the infringing website "was removed as a result of a mistake or misidentification of the content to be removed." Attached as "Exhibit D" is a true copy of the December 31, 2025 of the DMCA Counter Notice.

27. In the DMCA Counter Notice, Defendant listed an address of 9645 Baymeadows Rd. E #921, Jacksonville, Florida 32256.

28. According to the Duval County Property Appraiser records, the address 9645 Baymeadows Rd., Jacksonville, Florida 32256 is an empty lot designated as "Waste Land", which has been vacant since at least 2005.

29. Defendant's use of a vacant, non-residential address and multiple unrelated email addresses further evidences bad faith, concealment, and intent to mislead.

30. Defendant knew at the time the DMCA Counter Notice was submitted that Defendant did not own the ALMASED MARKS, did not have a license or authorization to use the ALMASED MARKS, and that the assertion of mistake or misidentification was false.

**D. Imminent Harm and Need for Immediate Judicial Relief**

31. Under Shopify's policies, the infringing website will be reinstated unless Plaintiff files a federal lawsuit within ten (10) to fourteen (14) business days of the December 31, 2025 DMCA Counter Notice.

32. Defendant's infringing use of the ALMASED MARKS and identical or confusingly similar domains not only diverts consumer to purchase counterfeit ALMASED products but also, upon information and belief, are intended to misdirect consumers to a website involved in scams, phishing, and other unlawful activity.

33. Defendant's infringing use of the ALMASED mark and identical or confusingly similar domain also wrongfully suggests to consumers that the goods promoted on Defendant's website are authorized, sponsored, endorsed, or licensed by Plaintiff, or otherwise connected with Plaintiff.

34. Defendant's wrongful acts have caused and continue to cause irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interest.

## COUNT I
## CYBERSQUATTING (15 U.S.C. § 1125(d))

35. Plaintiff realleges and incorporates by reference all of the preceding paragraphs.

36. The ALMASED MARKS are distinctive or famous and federally registered at the United Sates Patent and Trademark Office at the time Defendant registered, trafficked in, or used the infringing domains (www.almased.website and www.almassedd.com).

37. These infringing domains are confusingly similar to the ALMASED MARKS.

38. Defendant registered, trafficked in, or used the infringing domains with a bad faith intent to profit from the ALMASED MARKS.

39. Defendant does not have any trademark or other intellectual property rights in the ALMASED MARKS or the infringing domains.

40. The infringing domains do not consist of the legal name of Defendant, nor do they consist of a name that is otherwise commonly used to identify Defendant.

41. Defendant has not made any prior use of any of the infringing domains in connection with the bona fide offering of any goods or services.

42. Defendant's use of the infringing domains (www.almased.website and www.almassedd.com) violates 15 U.S.C. § 1125(d), Lanham Act § 43(d), and was and is done willfully, in bad faith, and without any legitimate business purpose.

43. Plaintiff's remedy at law is not adequate to compensate it for the injuries Defendant inflicted on Plaintiff. Accordingly, Plaintiff is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

44. Plaintiff is entitled to recover Defendant's profits, Plaintiff's actual damages, and the costs of this action. Instead of actual damages and profits, Plaintiff may alternatively elect to an award of statutory damages under 15 U.S.C. § 1117(d) in an amount of $100,000 per domain.

45. This is an exceptional case, entitling Plaintiff to an award of reasonable attorneys' fees under 15 U.S.C. § 1117.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114, 1117)

46. Plaintiff realleges and incorporates by reference all of the preceding paragraphs.

47. The ALMASED MARKS and the goodwill associated with them in the U.S. and throughout the world are of great value, are highly distinctive, and have become universally associated in the public mind with the ALMASED products.

48. The ALMASED MARKS are the subject of federal United States Trademark Registrations, which Plaintiff is the lawful and exclusive U.S. licensee and enforcer of the ALMASED MARKS, including rights secured through federal registration and/or long-standing common-law use.

49. Without Plaintiff's authorization or consent, and having actual and/or constructive notice and knowledge of Plaintiff's well-known and prior rights in the ALMASED marks, Defendant used, created, distributed, advertised, offered and sold goods incorporating the ALMASED MARKS and domain name in an attempt to trade on the goodwill and reputation represented by the ALMASED MARKS.

50. Defendant's unauthorized use of the ALMASED MARKS in connection in connection with the promotion an sale of competing or related goods unlawfully exploits the commercial value and goodwill that Plaintiff has developed in the ALMASED MARKS, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation or association with Plaintiff and as to the sponsorship or approval of Defendant's goods by Plaintiff.

51. Defendant's unauthorized use of the ALMASED MARKS in connection with the goods and the infringing domains is in bad faith, willful, and done with intent of misleading, deceiving, or confusing consumers as to the origin of the ALMASED MARKS and products, and of trading on the reputation and the goodwill associated with the ALMASED MARKS.

52. Pursuant to 15 U.S.C. § 1117, Defendant's violation of the ALMASED MARKS entitles Plaintiff to seek recovery of Defendant's profits, damages sustained by Plaintiff, and the costs of this action, which arise as a result of Defendant's infringement.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

53. Plaintiff realleges and incorporates by reference all of the preceding paragraphs.

54. The ALMASED MARKS and the goodwill associated with them in the U.S. and throughout the world are of great value, are highly distinctive, and have become universally associated in the public mind with the ALMASED products.

55. The ALMASED MARKS are the subject of federal United States Trademark Registrations, which Plaintiff is the lawful and exclusive U.S. licensee and enforcer of the ALMASED MARKS, including rights secured through federal registration and/or long-standing common-law use.

56. Without Plaintiff's authorization or consent, and having actual and/or constructive notice and knowledge of Plaintiff's well-known and prior rights in the

ALMASED marks, Defendant used, created, distributed, advertised, offered and sold goods incorporating the ALMASED MARKS and domain name in an attempt to trade on the goodwill and reputation represented by the ALMASED MARKS.

57. Defendant's unauthorized use of the ALMASED MARKS in connection with the goods and the infringing domains is in bad faith, willful, and done with intent of misleading, deceiving, or confusing consumers as to the origin of the ALMASED MARKS and products, and of trading on the reputation and the goodwill associated with the ALMASED MARKS.

58. Defendant's false designation of origin has had, and will continue to have, a substantial effect on interstate commerce unless it is abated.

59. Pursuant to 15 U.S.C. § 1117, Defendant's violation of the ALMASED MARKS entitles Plaintiff to seek recovery of Defendant's profits, damages sustained by Plaintiff, and the costs of this action, which arise as a result of Defendant's infringement.

## COUNT IV
## MISREPRESENTATION, COUNTER-NOTICE (17 U.S.C. § 512(f))

60. Plaintiff realleges and incorporates by reference all of the preceding paragraphs.

61. Defendant knowingly and materially misrepresented, in a DMCA Counter Notice, that Plaintiff's enforcement action was the result of mistake or misidentification.

62. Defendant knew or should have known that Defendant had no lawful

rights to the ALMASED MARKS.

63. Defendant's false assertions in the DMCA Counter Notice constitutes a violation of 17 U.S.C. § 512(f), as Defendant acted with actual knowledge of the falsity of Defendant's claims or reckless disregard for the truth.

64. Defendant's misrepresentations caused Plaintiff to incur damages, including enforcement costs, attorneys' fees, and continued harm to its trademark rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ALMASED USA, INC. demands a judgment against Defendant RASHAE TURNER for the following:

(a) For an Order declaring that Defendant's use of the ALMASED MARKS and infringing domains infringes on Plaintiff's intellectual property rights on the ALMASED MARKS, and constitutes unfair competition under federal law;

(b) For Preliminary and Permanent Injunctive Relief barring Defendant and all of those in active concert with Defendant from registering, using, or trafficking in, with a bad faith intent to profit, any domain name that is identical or confusingly similar to the ALMASED MARKS;

(c) For Preliminary and Permanent Injunctive Relief barring Defendant and all of those in active concert with Defendant from submitting notices of alleged infringement to Shopify misrepresenting that Plaintiff and its ALMASED MARKS are infringing of any alleged intellectual property rights claimed by Defendant;

(d) For Preliminary and Permanent Injunctive Relief barring Defendant and all of those in active concert with Defendant from directly or indirectly using the ALMASED MARKS or any confusing similar variation thereof in connection with goods related to the dietary protein supplement industry.

(e)     For Preliminary and Permanent Injunctive Relief barring Defendant and all of those in active concert with Defendant from causing likelihood of confusion, or causing mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff or the ALMASED MARKS, or as to the origin, sponsorship, or approval of Defendant's goods.

(f)     For an Award of damages adequate to compensate Plaintiff for the infringement and other injuries that have occurred, including disgorgement of Defendant's profits from the infringing activities, together with prejudgment interest and costs;

(g)     For an Award of $100,000 in statutory damages per infringing domain by reason of Defendant's cybersquatting, in accordance with the provisions of 15 U.S.C. § 1117;

(h)     For an Award of compensatory damages in an amount to be proved at trial arising from Defendant's violation of 17 U.S.C. § 512 (f);

(i)     For an Award of its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117, and/or 17 U.S.C. § 512 (f); and

(j)     Such other relief as the Court deems just and equitable.

Dated: January 11, 2026           Respectfully Submitted,

By:    */s/ Gustavo A. Bravo*
Gustavo A. Bravo
Florida Bar No.: 551287

**BRAVO LAW**
1555 Bonaventure Blvd., Suite 157
Weston, FL 33326
Telephone: (954) 790-6711
Primary: gbravo@lawbravo.com
Secondary: efile@lawbravo.com